IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY and U.S. SPECIALTY INSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:10CV461 |
| vs. | ) ) | ORDER |
| CYC CONSTRUCTION, INC., REMCON GENERAL CONTRACTORS, INC., REMMEREID HOLDINGS, INC., KIMCON, INC., KIMBERLY REMMEREID, and TODD REMMEREID, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the motion of Donald L. Swanson, Brian J. Koenig, Kristin M.V. Farwell, and the law firm Koley Jessen P.C., L.L.O., to withdraw as counsel for the defendants CYC Construction, Inc, Remcon General Contractors, Inc., Remmereid Holdings, Inc., Kimcon, Inc., Kimberly Remmereid, and Todd Remmereid (Filing No. 30). The movants state the "[d]efendants have communicated to Koley Jessen that they do not wish for Koley Jessen to continue to representing them in this action." **See** Filing No. 30. Moving counsel served their clients with the pending motion. *Id.* The court notes no substitute counsel has yet appeared in this matter.

Parties who are not natural persons may not appear pro se. **Rowland v. California Men's Colony**, 506 U.S. 194, 203 (1993). Moreover, courts "have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Id.* at 202. "Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of [28 U.S.C. § 1654] is that they must be represented by licensed counsel." **Turner v. American Bar Ass'n**, 407 F. Supp. 451, 476

(E.D Tex 1975); **see** *Harrison v. Wahatoyas*, LLC, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se"); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); **see also** *DCR Fund I, LLC v. TS Family Ltd. Partnership*, 261 Fed. Appx. 139 (10th Cir. 2008); *First Amendment Foundation v. Village of Brookfield*, 575 F. Supp. 1207, 1207 (N.D. Ill. 1983) (partnership must be represented by attorney admitted to practice).  In fact, according to the Eighth Circuit, a corporation or other business entity is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.  *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).

As an initial matter, the defendants shall have an opportunity to respond to the motion to withdraw.  If the defendants fail to respond or obtain substitute counsel, the court will grant the motion to withdraw.  In the event the motion to withdraw is granted, failure to have substitute counsel enter an appearance may result in an order striking the answer with respect to CYC Construction, Inc, Remcon General Contractors, Inc., Remmereid Holdings, Inc., and Kimcon, Inc.  **See** Fed. R. Civ. P. 55.  However, counsel shall not be given leave to withdraw as attorneys for the defendants until substitute counsel has entered an appearance or other order of the court.  Accordingly,

**IT IS ORDERED:**

1. Donald L. Swanson, Brian J. Koenig, Kristin M.V. Farwell, and the law firm Koley Jessen P.C., L.L.O.'s motion to withdraw as counsel for the defendants (Filing No. 30) is held in abeyance.

2. The defendants CYC Construction, Inc, Remcon General Contractors, Inc., Remmereid Holdings, Inc., and Kimcon, Inc. shall have until **on or before September 16, 2011**, to file a response to the motion to withdraw with the Clerk of Court.  If no response is received or if substitute counsel has entered an appearance by that date, the motion to withdraw will be granted.

3. The defendants Kimberly Remmereid and Todd Remmereid shall have to **on or before September 16, 2011**, to file a response to the motion to withdraw with the Clerk of Court. If no response is received or if substitute counsel has entered an appearance by that date, the motion to withdraw will be granted. If the motion to withdraw is granted and substitute counsel has not entered an appearance, Kimberly Remmereid and Todd Remmereid will be considered proceeding *pro se*.

4. Moving counsel shall immediately serve a copy of this order on all defendants and file a certificate of service.

DATED this 17th day of August, 2011.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge