IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY and U.S. SPECIALTY INSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:10CV461 |
| vs. | ) ) | ORDER |
| CYC CONSTRUCTION, INC., REMCON GENERAL CONTRACTORS, INC., REMMEREID HOLDINGS, INC., KIMCON, INC., KIMBERLY REMMEREID, and TODD REMMEREID, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the motion of Donald L. Swanson, Brian J. Koenig, Kristin M.V. Farwell, and the law firm Koley Jessen P.C., L.L.O., to withdraw as counsel for the defendants CYC Construction, Inc, Remcon General Contractors, Inc., Remmereid Holdings, Inc., Kimcon, Inc., Kimberly Remmereid, and Todd Remmereid (Filing No. 30). The movants state the "[d]efendants have communicated to Koley Jessen that they do not wish for Koley Jessen to continue to representing them in this action." **See** Filing No. 30. Moving counsel served their clients with the pending motion. *Id.* The court allowed the defendants an opportunity to respond to the motion or obtain substitute counsel. The court notes no substitute counsel has yet appeared in this matter.

Parties who are not natural persons may not appear pro se. *Rowland v. California Men's Colony*, 506 U.S. 194, 203 (1993). Moreover, courts "have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Id.* at 202. "Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of [28 U.S.C. § 1654] is that they must be

represented by licensed counsel." *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 476 (E.D Tex 1975); **see** *Harrison v. Wahatoyas*, LLC, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se"); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); **see also** *DCR Fund I, LLC v. TS Family Ltd. Partnership*, 261 Fed. Appx. 139 (10th Cir. 2008); *First Amendment Foundation v. Village of Brookfield*, 575 F. Supp. 1207, 1207 (N.D. Ill. 1983) (partnership must be represented by attorney admitted to practice). In fact, according to the Eighth Circuit, a corporation or other business entity is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).

Under the circumstances, the court concludes good cause exists for allowing Donald L. Swanson, Brian J. Koenig, Kristin M.V. Farwell, and the law firm Koley Jessen P.C., L.L.O., to withdraw as counsel for the defendants CYC Construction, Inc, Remcon General Contractors, Inc., Remmereid Holdings, Inc., Kimcon, Inc., Kimberly Remmereid, and Todd Remmereid. See NEGenR 1.3(f). These defendants had an opportunity to respond to the motion to withdraw or obtain substitute counsel, but failed to do so. Accordingly, the court will grant the motion to withdraw. Failure to have substitute counsel enter an appearance must result in an order striking the answer as to the defendant corporations. **See** Fed. R. Civ. P. 55. Therefore, default is appropriate based on the defendant corporations' failure to obtain counsel. Upon consideration,

**IT IS ORDERED:**

1. Donald L. Swanson, Brian J. Koenig, Kristin M.V. Farwell, and the law firm Koley Jessen P.C., L.L.O.'s motion to withdraw as counsel for the defendants (Filing No. 30) is granted.

2. Since the defendants CYC Construction, Inc, Remcon General Contractors, Inc., Remmereid Holdings, Inc., and Kimcon, Inc. failed to have substitute counsel enter an appearance, the Clerk of Court shall strike the answers of the defendants CYC

Construction, Inc, Remcon General Contractors, Inc., Remmereid Holdings, Inc., and Kimcon, Inc. and enter default against CYC Construction, Inc, Remcon General Contractors, Inc., Remmereid Holdings, Inc., and Kimcon, Inc.  The entry of default may be set aside, upon written motion, if substitute counsel enters a written appearance on behalf of such defendants prior to entry of default judgment.

      3.     Kimberly Remmereid and Todd Remmereid are hereby considered proceeding *pro se* and counsel for the plaintiff may communicate with these defendants directly regarding this case.

      4.     Withdrawing counsel shall immediately serve a copy of this order on the defendants and file a certificate of service.

      DATED this 19th day of September, 2011.

                                              BY THE COURT:

                                              s/ Thomas D. Thalken
                                              United States Magistrate Judge